## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| OREXIGEN THERAPEUTICS, INC., et al., | : | Case No. 18-10518 (KG) |
| | : | BAP No. 18-58 |
| Debtors. | : | |
| _____ | : | |
| | : | |
| MCKESSON CORPORATION, INC. and MCKESSON PATIENT RELATIONSHIP SOLUTIONS, A BUSINESS UNIT OF MCKESSON SPECIALITY ARIZONA, INC., | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 18-1873-CFC |
| | : | |
| OREXIGEN THERAPEUTICS, INC., THE BAUPOST GROUP SECURITIES, L.L.C., ECOR1 CAPITAL FUND, L.P., ECOR1 CAPITAL FUND QUALIFIED, L.P., BIOTECHNOLOGY VALUE TRADING FUNDS OS, L.P., BIOTECHNOLOGY FUND L.P., BIOTECHNOLOGY VALUE FUND H, L.P., INVESTMENT 10, L.L.C., MSI BVF SPV LLC, and ROADRUNNER CO., | : | |
| | : | |
| Appellees. | : | |

## **RECOMMENDATION**

At Wilmington this **7th** day of **January , 2018**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

In the letter response regarding mediation, counsel for the parties confirmed that mediation would not be worthwhile and requested the following briefing schedule be entered:

| | |
|---|---|
| Appellants' Opening Brief | January 30, 2019 |
| Appellee's Responsive Brief | March 1, 2019 |
| Appellants' Reply Brief | April 1, 2019 |

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. No objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1 are expected since it is consistent with the parties request.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge