IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE OREXIGEN THERAPEUTICS, INC., *et al.*, | Chapter 11 |
| | Bankr. No. 18-10518-KG |
| Debtors. | (Jointly Administered) |
| MCKESSON CORPORATION, INC. and MCKESSON SPECIALTY ARIZONA, INC., | Civ. No. 18-1873-CFC |
| Appellants, | |
| v. | |
| OREXIGEN THERAPEUTICS, INC., *et al.*, | |
| Appellees. | |

Jeffrey K. Garfinkle, Daniel H. Slate, BUCHALTER, Irvine, California; Kurt F. Gwynne, Jason D. Angelo, REED SMITH LLP, Wilmington, Delaware,

*Counsel for Appellants*

Richard S. Cobb, Kerri K. Mumford, Jennifer L. Cree, LANDIS RATH & COBB, LLP, Wilmington, Delaware,

*Counsel for Appellee Orexigen Therapeutics, Inc.*

Bennett Murphy, Razmig Izakelian, QUINN EMANUEL URQUHART & SULLIVAN LLP, Los Angeles, California; Christopher M. Samis, L. Katherine Good, Aaron H. Stulman, WHITEFORD TAYLOR & PRESTON LLC, Wilmington, Delaware,

*Counsel for Appellee Noteholders*

## MEMORANDUM OPINION

January 3, 2020
Wilmington, Delaware

_____
CONNOLLY, UNITED STATES DISTRICT JUDGE

This appeal arises out of the filing of a Chapter 11 bankruptcy petition by Orexigen Therapeutics, Inc. on March 12, 2018. McKesson Corporation (McKesson) and its wholly-owned subsidiary McKesson Specialty Arizona, Inc., which operates McKesson Patient Relationship Solutions (MPRS), have appealed the Bankruptcy Court's Order and Opinion issued on November 13, 2018. The Bankruptcy Court denied in the Order and Opinion Appellants' Motion for Order Determining that McKesson is Entitled to the Disputed Funds. The Bankruptcy Court based its decision on its legal conclusion that McKesson could not exercise a triangular right of setoff to eliminate its $6.9 million prepetition debt to Orexigen based on Orexigen's $9.1 million prepetition debt to MPRS. *In re Orexigen Therapeutics, Inc.*, 596 B.R. 9, 12 (Bankr. D. Del. 2018).

I have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). I exercise plenary review of the Bankruptcy Court's conclusions of law. *Meridian Bank. v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992).

The Bankruptcy Court's decision and this appeal turn on the meaning of 11 U.S.C. § 553(a), which provides in relevant part that:

> [e]xcept as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the

commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

It is undisputed that McKesson had a prepetition contractual right of triangular setoff—that is, the right to setoff the debt it owed to Orexigen against the amount of debt Orexigen owed to MRSP. Following what Appellants concede is a "large number of court decisions," D.I. 15 at 15, the Bankruptcy Court held that McKesson's prepetition right did not extend beyond the filing of Orexigen's bankruptcy petition because: "[a] triangular setoff is impermissible under section 553(a) without mutuality," 596 B.R. at 18; "debts are 'mutual' [under § 553(a)] only when 'they are due to and from the same persons in the same capacity,'" *id.* at 17 (citations omitted); and "there is no contractual exception to mutuality" under § 553(a), *id.* at 21.

On appeal, Appellants ask me to disregard the "large number of court decisions"—including a decision by this court, *In re SemCrude, L.P.*, 428 B.R. 590 (2010)—that interpreted § 553(a)'s mutuality requirement exactly as the Bankruptcy Court did. I will decline that invitation.

The Bankruptcy Court thoroughly analyzed the law governing mutuality under § 553(a) and, in my view, correctly concluded that neither a contract nor California law supplied McKesson the mutuality required by § 553(a). The Bankruptcy Court's conclusion is consistent "with general bankruptcy principles

2

concerning the strict construction of mutuality against the party seeking setoff" and "the primary goal of the Bankruptcy Code to ensure equal and fair treatment among similarly situated creditors." *Id.* at 594.

Accordingly, I find that the Bankruptcy Court did not err in denying Appellants' motion and I will affirm its Order and Opinion.

The Court will issue an Order consistent with this Memorandum Opinion.